In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-527 CV


____________________



IN RE PERRY LEE OLSON







Original Proceeding






OPINION


 Chapter 64 of the Texas Code of Criminal Procedure, which was enacted in 2001,
created a procedure for convicted persons to obtain DNA testing of evidence containing
biological material. Tex. Code Crim. Proc. Ann. art. 64.01-.05 (Vernon Supp. 2002). 
The petition for writ of mandamus filed by the relator, Perry Lee Olson, requires us to
decide whether the convicting court may in its discretion deny an indigent person's request
for appointment of counsel to assist him in the preparation of a motion for DNA testing.

 Olson was convicted in the 1st District Court of Newton County, Texas, in Cause
No. 3614. On September 12, 2001, Olson filed a request for appointment of counsel to
assist him in obtaining an order for DNA testing. He attached a declaration of inability
to pay costs to his motion. The State of Texas does not deny that Olson is indigent. It
argues, however, that the trial court did not err in denying Olson's request for appointment
of counsel because a motion for DNA testing would be meritless. The State contends that
it has no biological evidence in its possession, that identity was not an issue in the case,
and that the relator cannot show that there is a reasonable likelihood that he would not have
been prosecuted or convicted if exculpatory results had been obtained through DNA
testing.

 The Code of Criminal Procedure states: 

 (c) A convicted person is entitled to counsel during a proceeding
under this chapter. If a convicted person informs the convicting court that
the person wishes to submit a motion under this chapter and if the court
determines that the person is indigent, the court shall appoint counsel for the
person. Compensation of counsel is provided in the same manner as is
required by:

 (1) Article 11.071 for the representation of a petitioner convicted of
a capital felony; and

 (2) Chapter 26 for the representation in a habeas corpus hearing of an
indigent defendant convicted of a felony other than a capital felony.


Tex. Code Crim. Proc. Ann. § 64.01(c) (Vernon Supp. 2002). 

 Article 64.01(c) states that a convicted person is entitled to counsel in a proceeding
for DNA testing. Conspicuously absent from Article 64.01(c) is any requirement of a
prima facie case of entitlement to DNA testing before the right to counsel attaches. The
only requirements for appointment of counsel are: 1) a request for counsel and 2)
indigence. Once a convicted person meets those requirements, appointment of counsel is
mandatory.

 The State argues that it will be a waste of the taxpayers' funds to appoint counsel
to pursue motions in cases where there is no biological evidence to subject to DNA testing. 
The existence of such evidence is yet to be determined by the trial court. Article 64.01(c)
(2) states that counsel shall be compensated in the manner provided by Chapter 26; that
is, counsel shall be paid a reasonable fee based upon time and labor required. See Tex.
Code Crim. Proc. Ann. art. 26.05(a) (Vernon Supp. 2002). Counsel will be paid only
for the time reasonably expended in pursuing the remedies available to the client. If the
State possesses no biological evidence which is subject to DNA testing, counsel will
expend little time on the case and waste little of the taxpayers' money, or, at least, no more
than the Legislature has authorized in the pursuit of justice.

 Appointment of counsel is mandatory, on request by the convicted person to the
convicting court, if the convicted person proves that he is indigent and expresses a desire
to file a motion for DNA testing. Accordingly, the judge of the 1st District Court had a
ministerial duty to appoint counsel for Olson. We are confident that Judge Golden will
vacate his order denying Olson's request for counsel and appoint counsel to represent
Olson in the Chapter 64 proceeding. A writ of mandamus shall issue only if he fails to
appoint counsel to represent Olson.

 WRIT CONDITIONALLY GRANTED.



 PER CURIAM


Submitted on January 7, 2002

Opinion Delivered January 24, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.